## THE STATE v. STEVENSON.

1. **Criminal Law:** WAREHOUSE RECEIPT: SHIPMENT OF GRAIN STORED. The following receipt was executed by the defendant: "Received from Wm. Petrie 178 34-60 bushels wheat, quality as per sample preserved, to be stored until he is ready to sell." *Held*, that the shipment of the wheat out of the state by the defendant while the receipt was outstanding rendered him criminally liable, under section 4088 of the Code, and that evidence tending to show that the shipment was made with the knowledge and verbal consent of the owner of the wheat was immaterial and properly rejected; the statute being designed to protect third persons who may purchase the receipt, as well as the one to whom it is issued.

*Appeal from Delaware District Court.*

MONDAY, DECEMBER 15.

THE defendant was indicted, under section 4088 of the Code, for unlawfully selling, transferring, and removing beyond his control 178 bushels of wheat, left with him for storage and safe keeping. He was tried and convicted. He appeals.

*Peters & Heath,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

DAY, J.—Upon the trial the receipt issued by defendant for the wheat in question was introduced in evidence. This receipt is as follows:

1. CRIMINAL law: warehouse receipt: shipment of grain stored.

"HOPKINTON, IOWA, *February 18, 1876.*
Received from Wm. Petrie 178 34-60 bushels wheat, quality as per sample preserved, to be stored until he is ready to sell.

J. W. STEVENSON."

William Petrie testified that he stored the wheat in question with defendant and obtained the receipt; that he never gave any written consent that the defendant should sell or transfer it, or remove it beyond his control, and that the defendant said he had shipped the wheat away. Upon cross-examination the defendant proposed to prove by this witness

that, subsequent to the time the grain was delivered, and within a month or two thereafter, he, witness, received part payment on the wheat delivered; that the warehouse where the wheat was delivered was not large enough to hold the large amount of wheat claimed to have been stored there; that it was the understanding and intention of the parties that the grain was to be shipped and stored either in Milwaukee or Chicago, and that the party owning the grain was to name the time for the sale of the grain, the price or grade of the grain to be governed by the sample preserved. This evidence was objected to as immaterial and improper, and the objection was sustained. The defendant introduced H. J. Bailey, who testified that he took in and weighed the wheat and placed it in bins. The defendant proposed to prove by this witness that during the three days that the wheat was being delivered it was being loaded into cars, in the presence of Petrie, for shipment to Chicago; that witness preserved and marked the sample of the wheat produced in court; that it was marked by him and placed in store to await the time that Petrie should call for his money; that at the time Petrie testifies he called for his money he stated to witness that he supposed his wheat was stored in Chicago or Milwaukee. This evidence was objected to as immaterial and improper, and rejected. The statute makes it a crime for any person to sell, encumber, transfer, ship, or in any manner remove beyond his immediate control, any property for which a receipt or voucher has been given by him, in violation of the terms of the receipt or voucher, without the written consent of the person holding such receipt or voucher. Code of 1873, section 4088. If the statute in question is intended for the protection only of the person holding the receipt or voucher, it would seem that the fact that the shipment was made in his presence, with his knowledge and without any objection, would show that there could have been no intent to defraud, and no criminal responsibility. But it is evident from this whole section that it is intended for the protection of community, as well as the protection of the holder of the voucher. It is clear that Petrie, in this case, with the receipt in his possession, might perpe-

trate a fraud upon third parties, the grain not being stored with defendant as stated in the receipt. The defendant could not, innocently, under the statute, with such a receipt outstanding, ship the wheat beyond his control, even in the presence of Petrie, and with his verbal assent. Such an act would furnish Petrie the means of perpetrating a fraud, which it is one of the objects of the statute to prevent. The written consent of the person holding the receipt or voucher is necessary in order to authorize the person giving it to ship the property described beyond his control. If the person holding such receipt should give his written assent to the shipment, and then dispose of the receipt, facilities would be provided for rendering him criminally liable. The proffered testimony is immaterial, and was properly rejected.

II. The defendant asked the witness Bailey whether he put the wheat in a separate bin, by itself, or in a common bin. The testimony was objected to and the objection sustained. The proposed testimony is immaterial. Under the receipt and the law the defendant had no authority to ship it without written consent, whether placed in a separate or a common bin.

The court did not err in the instruction given.

AFFIRMED.

ON REHEARING.

DAY, J.—Upon the petition of appellant a rehearing was granted in this case. The rehearing was allowed, not so much on account of any doubt of the correctness of our former opinion, under the statute, as from a hope that we might be able to discover some legal avenue to a different conclusion, and thus relieve the defendant of the consequences of a conviction which seemed to us, under the circumstances, to be one attended with very great hardship. After a careful examination of the case we are unable to reach any other conclusion than that above announced. The opinion heretofore filed is adhered to.